
RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
ALEXANDRIA, LOUISIANA
DATE 5/13/11
BY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| BRIAN SCOTT SPURLIN | DOCKET NO. 11-255; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| WARDEN WILLIAM A. SHERROD, JR. | MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

Before the court is an Application for Federal Writ of Habeas Corpus under 28 U.S.C. § 2241, filed on February 7, 2011. Pro se Petitioner is an inmate in the custody of the Bureau of Prisons, and he is incarcerated at the United States Penitentiary Satellite Camp at Pollock, Louisiana. [Doc. #1] Petitioner states that he is collaterally attacking "the indictment in equity."

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

*Background*

Court records reveal that on July 30, 2010, Petitioner was found guilty by a jury of Counts One, Two, and Three of the indictment: (1) Concealment of Bankruptcy Estate Assets, (2) False Oaths and Statements in Bankruptcy, (3) Bankruptcy Fraud. [1:09-CR-197 (WDLA), Doc. #131] On or about October 28, 2010, Petitioner was sentenced by Judge Walter of this District to a total of seventy-eight (78) months of imprisonment. [*Id.*, Doc.#145-146] On November 15, 2010, Petitioner filed a notice of appeal. [*Id.*, Doc. #149] On March 22, 2011, the Fifth Circuit Court of Appeal granted

a motion to extend time to file Petitioner's brief. [Court of Appeals Docket No. 10-31128] On April 14, 2011, Petitioner's appellate brief was filed. [*Id.*] The appeal is currently pending before the Fifth Circuit Court of Appeal.

In the pro se petition pending before this court, Petitioner claims that he has a "common law right to pay monetary damages instead of criminal penalties" and that he has a "common law right to collateral review of the indictment." [Doc.#1] He claims that he seeks "equity relief" and a review of his indictment through arbitration. [Doc. #1]

Although Petitioner used the habeas corpus form provided to inmates who wish to seek relief pursuant to 28 U.S.C. §2241, 28 U.S.C. §2255 is the proper method to challenge a conviction or errors that occurred during or before sentencing. Petitioner seeks to attack the indictment and/or conviction, so his claims should be brought under 28 U.S.C. §2255. Typically, a court could construe a 2241 as a 2255; however, in this case, Petitioner's appeal is still pending in the Fifth Circuit Court of Appeal, and a 2255 motion should generally not be heard where a direct appeal is pending, unless extraordinary circumstances are present. See Bowen v. Johnston, 306 U.S. 19, 26-27; see also §2255 Rule 5, Advisory Comm. Note 1, (explaining that there is no "jurisdictional bar" to entertaining a §2255 motion during the pendency of a defendant's direct appeal, but "orderly administration of criminal law

2

precludes considering such a motion absent exceptional circumstances").

*Conclusion*

Thus, **IT IS RECOMMENDED** that Petitioner's application for a writ of habeas corpus under 28 U.S.C. §2241 be **DENIED AND DISMISSED WITHOUT PREJUDICE.** Petitioner is warned that once he files one §2255 petition, it is very difficult to file a successive petition for review under §2255[1].

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking

---

[1] To file a successive petition for review under § 2255, a defendant must demonstrate that either one of the following apply: "(1) newly discovered evidence that, if proven and reviewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable."

3

either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglas v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

Thus done and signed at Alexandria, Louisiana, this 2nd day of May, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

4